[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10231

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID JACOB MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00168-MSS-SPF-1

_____

Before Rosenbaum, Branch, and Grant, Circuit Judges.

PER CURIAM:

David Mitchell appeals his below-guidelines 600-month total imprisonment sentence for production of child pornography, distribution of child pornography, transfer of obscene material to a minor, and possession of child pornography. He argues that his sentence is substantively unreasonable because the district court imposed too severe a penalty considering his mitigating personal history, resulting in an unwarranted sentencing disparity between him and defendants convicted of similar crimes. After review, we affirm.

## I.    Background

In June 2022, Mitchell was charged by superseding indictment with production (Count 1), distribution (Count 2), and possession (Count 4) of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), § 2252(a)(2), (a)(4)(B), and (b)(1)–(2). He was also charged with transfer of obscene material to a minor (Count 3), in violation of 18 U.S.C. § 1470. Mitchell pleaded guilty to all counts without the benefit of a plea agreement.

In preparation for sentencing, a presentence investigation report ("PSI") was prepared. The PSI described the offense conduct as follows. On October 18, 2021, an undercover detective ("UC"), purporting to be a 13-year-old female, received a message

23-10231                Opinion of the Court                3

from Mitchell's Kik[1] account.  During Mitchell's communications with the UC, Mitchell sent around 15 videos of children (many between the ages of 5 and 11) being sexually abused, as well as several videos of himself masturbating.  Mitchell also sent the UC a video of child pornography that he stated he created with a 15-year-old female.  Mitchell expressed interest in coming to visit the UC and making videos of sexual acts with the UC.  Mitchell admitted that he thought the UC was a minor.

On April 21, 2022, law enforcement executed a search warrant at Mitchell's residence.  Federal agents seized and forensically reviewed multiple electronic devices recovered from his residence.  Agents discovered the following.  Between September and October 2017, Mitchell "enticed, induced, and coerced Victim 1," who was 15 years old at the time, "to send images and videos of herself engaged in sexually explicit conduct." Mitchell also tried to set a time to meet with Victim 1 in-person. Mitchell's devices also contained images and videos of minors engaged in sexual acts, including toddlers and children under the age of 12.  Mitchell also conducted searches of underaged girls on his iPhone.  In total, law enforcement discovered 78 images and 30 videos of child pornography across his devices.  Mitchell's advisory guidelines range was the statutory maximum of 960 months'

---

[1] Per the PSI, "Kik is a web-based instant messaging mobile application that allows users to transmit and receive messages, photos, and videos.  Users can communicate privately with other users or in groups."

imprisonment.[2]    He faced a statutory-minimum term of 180 months' imprisonment.

Mitchell argued for a downward variance from 960 months to the statutory minimum of 180 months' imprisonment in light of his personal background.  Mitchell stated that his mother was verbally abusive and suffered from alcoholism, which led to liver disease and her death at a young age.  Despite the turmoil his mother's alcoholism caused him, Mitchell stated that his relationship with his mother "was not horrible" and that he "did not cope well" with her passing in 2003.  Mitchell suffered from anxiety, depression, pedophilic disorder, and post-traumatic stress disorder, and had twice attempted suicide.  He also submitted a psychosexual evaluation and mitigation analysis, which expanded on the effect his mother's alcoholism had on him, as well as his mental illness and his own struggles with substance abuse and addiction.

In his allocution at sentencing, Mitchell accepted responsibility and apologized to the court.  Mitchell's counsel noted that Mitchell had changed for the better since his arrest because he had stopped using drugs and was no longer experiencing withdrawals.  His counsel maintained that the

---

[2] Mitchell's base offense level of 43 and his criminal history category of I resulted in a guidelines range of life.  However, where, as here, "the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."  U.S.S.G. §§ 5G1.1(a), 5G1.2(b) cmt. (n.3(B)).

statutory-minimum sentence of 180 months' imprisonment was appropriate.[3]

The government argued for 960 months' imprisonment. It asserted that Mitchell's behavior was predatory and that he was a danger to the community. The government noted that Mitchell had continuously engaged in this conduct for several years and his contact with the UC was "calculated and premeditated." It maintained that Mitchell's mitigating personal circumstances were outweighed by the serious nature of the offense and that he was at a high risk of reoffending. Thus, the government argued that a guideline sentence was necessary to recognize the harm suffered by the young victims, promote respect for federal law and societal norms, provide just punishment and deterrence, and protect the public.

The district court sentenced Mitchell to a downward variance of 600 months' imprisonment—360 months for Count 1 followed by a consecutive term of 240 months on Counts 2, and concurrent terms of 120 months as to Counts 3 and 4—to be followed by 160 months' supervised release. The court said that it "t[ook] no pleasure in imposing" this sentence "but the consequences of [Mitchell's] behavior . . . called for it[.]" With regard to Mitchell's mitigation arguments, the district court noted that it could not "identify mitigating factors that would take

---

[3] The U.S. Probation Office recommended a downward variance of 480 months' imprisonment based on Mitchell's decision to plead guilty and his personal history of mental health issues and substance abuse.

[Mitchell] out of what [was] intended to be the heartland of cases and defendants in these types of offenses." The court explained that it had considered the 18 U.S.C. § 3553(a) factors and advisory guidelines, and that the sentence complied with the statutory purposes of sentencing.

Mitchell objected to the substantive reasonableness of the sentence, and this appeal followed.

## II.    Discussion

On appeal, Mitchell argues that his below-guidelines 600-month sentence is substantively unreasonable because it was greater than necessary to protect the public and promote the goals of sentencing. In light of his mitigating factors, Mitchell argues for a sentence between the statutory minimum (180 months) and what probation recommended (480 months). He also maintains that his sentence "create[d] an unwarranted sentencing disparity."

We review the reasonableness of sentencing decisions under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion at sentencing if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotations omitted). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record, the sentencing factors listed in 18 U.S.C. § 3553(a), and "the substantial

deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

"A district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." *United States v. Oudomsine*, 57 F.4th 1262, 1266 (11th Cir. 2023) (quotations omitted). Thus, we may affirm a sentence even though we might have imposed a different sentence had we been in the district court's position. *Irey*, 612 F.3d at 1189. We will vacate a district court's sentence "only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case." *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (quoting *Irey*, 612 F.3d at 1190). "[W]e do not presume that a sentence outside the guidelines range is unreasonable and . . . must give due deference to the district court's decision that the § 3553(a) factors support its chosen sentence." *Id.* at 1267. And "[a] sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

The "overarching" instruction to sentencing courts in 18 U.S.C. § 3553 is that any sentence, whether within the guideline range or through a variance, must be sufficient but not greater than necessary to comply with the goals of sentencing listed in § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *see*

18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 51 (stating that whether a sentence falls inside or outside the guideline range, the district court must consider the § 3553(a) factors). The relevant factors under § 3553(a) include the nature and circumstances of the offense, the personal history and characteristics of the defendant, the seriousness of the crime, and the need for the sentence to promote respect for the law, provide just punishment, and afford adequate deterrence. 18 U.S.C. § 3553(a)(1)–(2). The court must also consider the applicable guideline range, any pertinent policy statements from the Sentencing Commission, and the need to avoid unwarranted sentencing disparities between similarly situated defendants and provide restitution to any of the defendant's victims. *Id*. § 3553(a)(3)–(7).

The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *Rosales-Bruno*, 789 F.3d at 1254. The "district court need not account for every § 3553(a) factor, nor must it discuss each factor and the role that it played in sentencing." *United States v. McBride*, 511 F.3d 1293, 1297 (11th Cir. 2007). The failure to discuss mitigating evidence does not indicate "that the court erroneously ignored or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotations omitted).

The district court did not abuse its discretion in sentencing Mitchell to 600 months' imprisonment. Mitchell's sentence is well below both the guideline range and the statutory maximum of 960 months' imprisonment, which is an indicator of reasonableness.

*Stanley*, 739 F.3d at 656 ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."). And the district court reached this sentence after considering the parties' arguments, Mitchell's background and history, the PSI, and the § 3553(a) factors. The district court noted that it "t[ook] no pleasure" in imposing the sentence, but that it could not "identify mitigating factors that would take [Mitchell] out of what is intended to be the heartland of cases and defendants in these types of offenses." It then concluded that the "sentence [was] sufficient but not greater than necessary to comply with the statutory purposes of sentencing." Given the seriousness of the offense and the high risk of reoffending, it was reasonable for the district court to determine that the mandatory-minimum sentence was unwarranted and that a longer sentence was necessary to accomplish the sentencing goals of § 3553(a).[4]

Furthermore, we have expressed that "the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be." *Irey*, 612 F.3d at 1206 (*en banc*). And as we have repeatedly emphasized, "[c]hild sex crimes are among the most egregious and despicable of societal and criminal

---

[4] Mitchell also argues, in passing, that the district court imposed a 600-month sentence simply because "the guideline suggest[ed] that it [was] appropriate." But there is no evidence that the district court treated the guidelines as mandatory. The guidelines suggested a harsher sentence than 600 months, and the district court explicitly considered other factors in its decision than just the guidelines, including the § 3553(a) factors, the parties' arguments, Mitchell's background and history, and the PSI.

offenses." *Id.* (alteration in original) (quoting *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009)).    As a result, we have frequently upheld lengthy sentences in cases involving child pornography and sex crimes. *See United States v. Johnson* 451 F.3d 1239, 1244 (11th Cir. 2006) (upholding as reasonable a 140-year sentence for producing and distributing child pornography involving three boys between the ages of 8 and 16); *United States v. Sarras*, 575 F.3d 1191, 1221 (11th Cir. 2009) (upholding as reasonable a 1,200-month sentence for three counts of knowingly persuading a minor to engage in sexually explicit conduct and one count of knowingly possessing child pornography).[5]

Accordingly, we conclude Mitchell's sentence is substantively reasonable, and we affirm the district court.

**AFFIRMED.**

---

[5] Mitchell mentions in passing that the district court's sentence created an unwarranted sentencing disparity with other defendants. We disagree. First, he fails to identify another defendant who is similarly situated to him. *See United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015) (explaining that "[w]hen we consider disparity in sentencing, we first ask whether the defendant is similarly situated to the defendants to whom he compares himself"). Second, the district court explicitly varied downward from the guideline range of 960 months' imprisonment in order to "avoid unwarranted sentencing disparities among defendants."